

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000   201-489-1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida

Michael S. Weinstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6321
Writer's Direct Fax: 201.678.6321
Writer's E-Mail: MWeinstein@coleschotz.com

July 18, 2024

<u>**Via ECF**</u>

Honorable Andre M. Espinosa, U.S.M.J.
United States District Court
M.L. King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:   <u>U.S. v. Christopher J. Gallo</u>
           Mag. No: 24-11131 (AME)

Dear Judge Espinosa:

    I represent defendant Christopher Gallo in the above matter. We are in receipt of governments' July 17, 2024, request for Bail review. We submit, based on facts presented below, a modification of Bail at this time is unnecessary and an overreach by government counsel.

    As Your Honor is aware, my client was charged on April 24, 2024 with one count Conspiracy to Commit Bank Fraud (*18 U.S.C. 1349*) related to his purported activities as a mortgage loan originator based in New Jersey. The allegations are contested.

    As a result of the singular charge, Mr. Gallo was immediately terminated by his then employer, Cross Country Mortgage ("CCM"). Prior to that time, both at CCM and his former employer New Jersey Lenders ("NJL"), Mr. Gallo was a highly respected, sought-after, high-volume producer of low to medium valued mortgage loans. In fact, as noted in government press release(s), Mr. Gallo ranked in the top ten of mortgage originators in the United States.

    Mr. Gallo's New Jersey Department of Banking and Insurance ("DOBI") license was active and in good standing for all years he was employed by both NJL and CCM. During both his time with NJL and CCM his DOBI file was updated as necessary. This included use of either NJL and/or CCM email address for purpose of communications and served as the primary point of contact. A secondary private email, as required, was on file with DOBI.

    On or about April 24, 2024, after CCM terminated Mr. Gallo, his CCM based email address was terminated and access denied. Email inquiries from potential mortgage applicants, business relationships and most importantly, DOBI, were unable to be accessed. Consistent with DOBI regulations, the termination of a mortgage originator from his "sponsor", here CCM, immediately

 COLE SCHOTZ P.C.

Honorable Andre M. Espinosa
July 18, 2024
Page 2

places that originator in an inactive status. An originator must be associated with sponsor in order for their license to be active. An active mortgage originator is permitted under state regulations to advise potential applicants as to the rates, products and mortgages that are available and offered by the mortgage company. Without an active designation, limitations exist as to their role in the process. However, even if an originator is not in active status, for any particular reason, he is not strictly precluded from transitioning to another role in the mortgage business which is not governed by and/or requiring the active license designation.

The government's ominous tone and language in its application "..*since his arrest and notification of his license status....he [Gallo] demonstrates that he continues to solicit borrowers and offers to assist them with mortgage financing*" (See Governments' July 17, 2024 Request for Bail Review) neglects to recognize that not everyone involved in the mortgage process require(s) a license or an active designation. Even those with a former license or an inactive license may still be "in" the industry. Similar to if a lawyer becomes "inactive" with their State Bar requirements, perhaps because they failed to take sufficient Continuing Legal Education requirements, they are not prevented from working in some other business capacity. Certainly, they are unable to act as a lawyer in many respects, but the experience and former status as an active member of the Bar, is not swept away entirely.

A similar situation exists here, wherein Mr. Gallo transitioned to a different role in the mortgage industry during the time when his new (and current) employer, Velocity of Money Mortgage City (Lakewood, Fl) ("VOMM"), sought to open a New Jersey office to support the future efforts of expansion in the State. Gallo does not, in the words of the government, "*continue to misuse his license*" because his transitional role at VOMM is distinct from his former role(s) at NJL and CCM.

Mr. Gallo was hired by VOMM on or about May 4, 2024. Simultaneously, in early May 2024 VOMM filed with DOBI, with assistance of specialized New Jersey mortgage/banking counsel, application to open, and staff a New Jersey Office. Once that application was granted, Gallo would again have a sponsor, under DOBI regulations, and his license would become "active" once again. He would then transition back to his fully permissible mortgage originating position with all the necessary oversight and protocols. We are in fact advised that on July 9, 2024 DOBI granted VOMM's application for opening a New Jersey branch (See Exhibit A). Simultaneous with this approval, VOMM applied to sponsor Mr. Gallo's license. Such application is traditionally granted quickly and ministerially but remains pending. Mr. Gallo's inactive designation would have therefore been extremely limited. Protocols are in place at his employer, VOMM to comply with all Federal and State regulatory guidelines.

The government's request for bail review and restriction is overreaching. If, in the midst of Mr. Gallo's transitional employment and personal tumult, a short window of time, i.e. late May through likely late July, existed between the disruption of his CCM termination, responding to the federal criminal charge and his reliance on VOMM's counsels DOBI filing where he inadvertently acted as a mortgage professional and stretched the bounds of permissibility, it was certainly not intentional, nor with some larger nefarious scheme in mind. It was an oversight resulting from the multifaceted moving parts of an old employer, new employer, pending DOBI application and

 COLE SCHOTZ P.C.

Honorable Andre M. Espinosa
July 18, 2024
Page 3

landing in unchartered criminal waters in the span of a few weeks. This situation appears exceptionally nuanced, factually intensive, and certainly confusing especially to someone like Mr. Gallo with no legal background or understanding of intricacies (and application) of DOBI regulations.

The government's underlying tone that Mr. Gallo is somehow running rogue in his mortgage origination efforts the past two months is unsupported by facts. An uncensored recitation provides greater context and reflects Mr. Gallo's efforts to be transparent with DOBI when recent inquires arose and counters the suggestion that his May, June, July work activity was improper.

For example, on June 4, 2024 Mr. Gallo received an email message from a DOBI Regulatory Officer Rita Oghoghome seeking information as to why his DOBI MU4 form had not been updated (See Exhibit B). An MU4 form is standardized licensing format created by the Nationwide Mortgage Multistate Licensing System and Registry for individual mortgage originators. Updates, whether employment changes, discipline actions, sponsor issues, etc. are required to be properly, and timely submitted which the government correctly notes. It appears that the State, using the primary email address associated with his former employer- CCM, had tried to contact him electronically during the previous month of May.

Ultimately, after not receiving a response, it appears to have taken six weeks for the State to utilize his secondary private email. Within days of that June 4, 2024 DOBI inquiry, using this secondary email, and containing a request to update his MU4 form, he updated his MU4 form, uploaded all requested materials and provided detailed answers to DOBI inquires (and follow ups) including disclosures about the current Federal charge. The government's statement that "…*DOBI would have generated an email to Gallo indicating that he has a license to review*" fails to acknowledge that the email address to which DOBI was contacting him was inaccessible because of his CCM termination.

Since June 12, 2024, DOBI has not contacted Mr. Gallo, nor alerted him that his current position and activity was of concern or materials submitted were inadequate. The first time Mr. Gallo became aware of the government's concern was counsel flagging the issue on July 16th. The government's contention that "…*Gallo.. has not satisfactorily complied with [DOBI] disclosure requirement with documenting his arrest,*" makes little sense since he has not heard from DOBI in over a month, provided them copies of the Federal charge, description of the allegations, bail conditions, full contact details of he and his counsel, and updated all details related to his new employer. The government, sheepishly, even concedes he did disclose his arrest – ("..*Upon information and belief Gallo has since disclosed his arrest to DOBI..*"). The government neglected to state that the disclosure occurred five weeks ago.

As evidenced by Exhibit B, in June, Gallo quickly responded and cooperated with all DOBI inquires. If outstanding items remained after this time period, the Regulatory Officer would certainly request further materials, as she did throughout the one-week early June period where Mr. Gallo and officer exchanged emails and information. The DOBI June inquires came at the same time as his new employer VOMM sought to open it New Jersey office and become a sponsor for Mr. Gallo. Again, many moving pieces existed.

 COLE SCHOTZ P.C.

Honorable Andre M. Espinosa
July 18, 2024
Page 4


The charge against Mr. Gallo is serious, and he is taking it as such and greatly assisting in his own defense. He disputes, however, much of the government's characterization of his actions and the charge in the Complaint. Mr. Gallo originated thousands of loans at NJL. We are advised however, as recently as this week, that a majority of these loans, if not all, are performing and without default. To paint therefore with a broad brush as the government has done, a fractional subset of loans connected to Mr. Gallo over the years as indicative of some massive billion-dollar criminal scheme is unsupported and exaggerated.

Based on current facts as outlined above, depriving Mr. Gallo of his capacity to work in his profession and provide for his four children under 13 years old, as well as his wife, is an overreach and would be inconsistent with Bail considerations. Importantly, to date, Mr. Gallo has been fully compliant with all aspects of pre-trial release and fully cooperative of all pre-trial request.

We respectfully request the Court deny the Government requested relief, and not modify conditions of Bail.

Respectfully,

*/s/ Michael S. Weinstein*

Michael S. Weinstein


MSW:vmm

cc:    Shontae D. Gray, AUSA
       Brian Castro, U.S. Pre-Trial Services