

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

CF/PL AGR
2024R00812

June 10, 2026

Michael Weinstein
Alicia Shelton
Cole Schotz P.C.
Court Plaza North
25 Main Street
Hackensack, New Jersey 07601

Re:    <u>Plea Agreement with Christopher Gallo</u>

Dear Counsel:

This letter sets forth the plea agreement between your client, Christopher Gallo, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on June 11, 2026, if it is not accepted in writing by that date. If Gallo does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Gallo to Count One of the Indictment (24-cr-712), which charges him with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If Gallo enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Gallo for his role in a conspiracy to commit bank fraud by deceiving mortgage lenders based on fraudulent pretenses between in or around 2022 through in or around August 2023.  In addition, if Gallo fully complies with this agreement, at sentencing, this Office will move to dismiss the remaining counts of the Indictment against Gallo.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Gallo even if the applicable statute of limitations

period for those charges expires after Gallo signs this agreement, and Gallo agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Gallo agrees to plead guilty in Count One of the Indictment carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gallo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Gallo ultimately will receive.

Further, in addition to imposing any other penalty on Gallo, the sentencing judge as part of the sentence:

(1)     will order Gallo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Gallo to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Gallo, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)     pursuant to 18 U.S.C. § 3583, may require Gallo to serve a term of release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Gallo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gallo may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum

term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Gallo agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A. Gallo agrees to the entry of a restitution order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), Gallo agrees that an offense listed in 18 U.S.C. § 3663A(c)(1) gave rise to this plea agreement, and as such, victims of the conduct described in the charging instrument and any related or similar conduct shall be entitled to restitution. The District Court will make the final determination of the restitution amount at the disposition of the case. If the Court imposes a schedule of payments, Gallo understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

Forfeiture

As part of his acceptance of responsibility, Gallo agrees to forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and all property traceable to such property.

Gallo further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). Gallo consents to the entry of an order requiring the defendant to pay the Money Judgment, in the manner described below (the "Order"), which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Gallo waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Gallo understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this

- 3 -

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Gallo waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Gallo's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Gallo further agrees that he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office requesting that Gallo do so. If Gallo fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Gallo has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Gallo by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gallo's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Gallo will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

- 4 -

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Gallo waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Gallo understands that, if he is not a citizen of the United States, Gallo's guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making Gallo deportable, excludable, or inadmissible, or ending Gallo's naturalization. Gallo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Gallo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Gallo's removal from the United States. Gallo understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Gallo waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Gallo also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gallo. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

- 5 -

No provision of this agreement shall preclude Gallo from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Gallo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

/s/ *Christopher Fell*

_____

By:    Christopher Fell
       Assistant U.S. Attorney

APPROVED:

*/s/ Carolyn Silane*

_____

Carolyn Silane
Chief, Economic Crimes Unit

- 6 -

I have received this letter from my attorneys, Michael Weinstein and Alicia Shelton, Esqs. I have read it. My attorneys and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Christopher Gallo

Date: 6/10/26

We have reviewed and discussed with our client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. Our client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Michael Weinstein, Esq.
Alicia Shelton, Esq.
Counsel for Defendant

Date: 6/10/26

Plea Agreement With Christopher Gallo

Schedule A

1.      This Office and Gallo recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      If sentencing in this matter occurs before November 1, 2026, the version of the Guidelines effective November 1, 2025 would normally apply in this case; however, as noted below, the parties agree that the version of the Guidelines effective November 1, 2026 should apply to this case.

3.      The applicable guidelines are U.S.S.G. §§ 2X1.1 and 2B1.1. These guidelines carry a Base Offense Level of 7 because conviction of the offense charged carries a statutory maximum term of imprisonment of 20 years or more. U.S.S.G. § 2B1.1(a)(1).

4.      Pursuant to U.S.S.G. § 2B1.1(b)(1)(E), the loss relevant to the offense is greater than $95,000 but not greater than $150,000. As a result, an 8-level enhancement applies.

5.      On April 30, 2026, the United States Sentencing Commission proposed an amendment to U.S.S.G. § 2B1.1(b)(1) to adjust the dollar amounts delineating each loss threshold (the "Amendment"). The Amendment is expected to take effect on November 1, 2026. Within the meaning of the Amendment, the parties agree that the loss relevant to the offense was greater than $55,000 but not greater than $150,000.

6.      If sentencing in this matter proceeds after the Amendment takes effect, the parties agree that, pursuant to U.S.S.G. § 2B1.1(b)(1)(D) under the Amendment, a 6-level enhancement applies. But if sentencing in this matter proceeds before the Amendment takes effect, the parties agree that an 8-level enhancement would technically apply under the version of the Guidelines in force as of the sentencing date. In that event, however, the United States will not oppose Gallo's request for a 2-level reduction of, or variance from, the combined offense level in order to provide Gallo the benefit of the Amendment now without having to delay sentencing in this matter. If Gallo receives that reduction or variance, Gallo knowingly and voluntarily waives any right to seek a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) if the Commission later makes the Amendment retroactive.

7.      As of the date of this letter, Gallo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of

responsibility is appropriate if Gallo's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8.     If Gallo establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level. As a result, Gallo's total Guidelines offense level is:

a. 13, if Gallo does not establish that he qualifies for the two-level reduction pursuant to U.S.S.G. § 4C1.1 and sentencing occurs before the Amendment takes effect;

b. 11, if either of the following occurs: (1) Gallo establishes that he qualifies for the two-level reduction pursuant to U.S.S.G. § 4C1.1, and sentencing occurs before the Amendment takes place; or (2) Gallo does not establish that he qualifies for the two-level reduction pursuant to U.S.S.G. § 4C1.1, and sentencing occurs after the Amendment takes effect; or

c. 9, if Gallo establishes that he qualifies for the two-level reduction pursuant to U.S.S.G. § 4C1.1, and sentencing occurs after the Amendment takes effect (collectively, the "Total Offense Level").

9.     The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the agreed total Guidelines Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10.     If the term of imprisonment does not exceed 18 months, and except as specified in the next paragraph below, Gallo will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 4 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

- 9 -

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).